IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHNNY MORGAN,

      Petitioner,

v.                                    CIVIL ACTION NO. 1:22CV43
                                      CRIMINAL ACTION NOS. 1:18CR31
                                           (Judge Keeley)

UNITED STATES OF AMERICA,

      Respondent.

MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
[1:18CR31, DKT. NO. 150; 1:22CV43, DKT. NO. 1], DISMISSING CASE
WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

Pending is the pro se petition filed by Johnny Morgan ("Morgan") seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255 (1:18CR31, Dkt. No. 150; 1:22CV43, Dkt. No. 1).[1] For the reasons that follow, the Court **DENIES** the petition and **DISMISSES WITH PREJUDICE** Civil Action Number 1:22CV43.

I.   **BACKGROUND**

On May 1, 2018, a grand jury charged Morgan with conspiracy to possess with intent to distribute and to distribute marijuana, tetrahydrocannabinol, and methamphetamine, in violation of 21 U.S.C. §§ 846, 846(a)(1), 841(b)(1)(C), and 841(b)(1)(D) (Count One); distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Two); distribution of

---

[1] Unless otherwise noted, all docket numbers refer to Criminal Action No. 1:18CR31.

MORGAN V. UNITED STATES                    1:18CR31/1:22CV43

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION**
**[1:18CR31, DKT. NO. 150; 1:22CV43, DKT. NO. 1], DISMISSING CASE**
**WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

tetrahydrocannabinol, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Three); and distribution of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) (Count Four) (Dkt. No. 1). On September 5, 2018, Morgan pleaded guilty to Counts One, Two, Three, and Four of the Indictment without a plea agreement (Dkt. No. 54). On December 3, 2019, the Court sentenced him to 210 months of imprisonment as to Counts One, Two, and Three, and 60 months of imprisonment as to Count Four, all counts to run concurrently, followed by three (3) years of supervised release (Dkt. No. 100). On appeal, the United States Court of Appeals for the Fourth Circuit affirmed Morgan's conviction and sentence (Dkt. No. 133).

On May 23, 2022, Morgan timely filed the instant § 2255 petition, alleging that (1) his guilty pleas were invalid; (2) his counsel was ineffective; and (3) he was constructively denied his Sixth Amendment right to counsel (Dkt. No. 150). The matter is fully briefed and ripe for decision.

## II. <u>STANDARD OF REVIEW</u>

28 U.S.C. § 2255(a) permits a federal prisoner who is in custody to assert the right to be released if (1) "the sentence

MORGAN V. UNITED STATES                    1:18CR31/1:22CV43

MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
[1:18CR31, DKT. NO. 150; 1:22CV43, DKT. NO. 1], DISMISSING CASE
WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," or (3) "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." A petitioner bears the burden of proving any of these grounds by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

## III. DISCUSSION

### A.   Validity of Guilty Pleas

Federal Rule of Criminal Procedure 11 requires the Court to determine whether the defendant entered a guilty plea voluntarily, without force, threats, or promises. The Court also must ensure that a defendant who pleads guilty understands the charges against him and is aware of the consequences of his plea and as well as his constitutional protections. Henderson v. Morgan, 426 U.S. 637, 645 (1976).

"The representations of the defendant . . . , as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceeding. Solemn declarations in open court carry a strong presumption of verity"

3

**MORGAN V. UNITED STATES**                    **1:18CR31/1:22CV43**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
[1:18CR31, DKT. NO. 150; 1:22CV43, DKT. NO. 1], DISMISSING CASE
WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

Blackledge v. Allison, 431 U.S. 63, 74 (1977). Thus, "in the absence of extraordinary circumstances, . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted).

Morgan contends that he pleaded guilty without understanding that he had a right to proceed to trial, that the Government would bear the burden of proving the charges against him beyond a reasonable doubt, and that by pleading guilty to the Indictment without a plea agreement he faced a maximum exposure of twenty (20) years of incarceration (Dkt. No. 150-1 at 1-6). He also contends he was coerced into pleading guilty because the Court never explained the charges against him and threatened him with trial beginning the same day. Finally, he alleges that he pleaded guilty in reliance on his attorney's promise that he would receive a sentence of probation. Id. These contentions by Morgan are contradicted by his sworn statements during his plea colloquy.

**MORGAN V. UNITED STATES**                    **1:18CR31/1:22CV43**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
[1:18CR31, DKT. NO. 150; 1:22CV43, DKT. NO. 1], DISMISSING CASE
WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

After Morgan failed to appear for the first day of his scheduled trial, the Court issued a bench warrant for his arrest (Dkt. No. 46). The next day, September 5, 2018, he appeared with counsel and, following an extended colloquy with the Court and counsel, entered guilty pleas to Counts One, Two, Three, and Four of the Indictment without a plea agreement (Dkt. No. 54).[2]

During that plea hearing, the Court placed Morgan under oath and provided him with a copy of the Indictment, reviewed all the charges against him, and answered his sole question about the conspiracy charge (Dkt. No. 107 at 4-6, 7-11, 13, 19). Morgan confirmed without equivocation that he understood these charges and had no further questions. Id.

Morgan expected that he would be pleading guilty pursuant to a plea agreement, but the Court explained to him that "[t]he Government, at this late stage, isn't offering you anything by way

---

[2] At his plea hearing, Morgan explained that he had canceled his original flight to West Virginia after experiencing intestinal bleeding (Dkt. No. 107 at 49). Two days later, he arrived at the airport prepared to travel but encountered a delay with his bank. Id. at 49. Then, his flight to Chicago was delayed and he missed his connecting flight. Id. Morgan eventually arrived at the Pittsburgh Airport at 2:38 p.m. on September 4, 2018, when he was arrested by the United States Marshals Service after exiting the plane. Id.

MORGAN V. UNITED STATES                    1:18CR31/1:22CV43

MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
[1:18CR31, DKT. NO. 150; 1:22CV43, DKT. NO. 1], DISMISSING CASE
WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

of a plea agreement, is my understanding. So you have two choices: you can plead to the Indictment, or you can go downstairs; we have the jury waiting, and you can go to trial on the charges." Id. at 11-12. It then explained in detail the jury trial process, including the role of the jury, the presumption of innocence, the Government's burden to prove his guilt beyond a reasonable doubt, and Morgan's right to cross examine witnesses and remain silent. Id. at 26-29. After the Court again reviewed the charges against him, Morgan indicated that he understood his options and wished to plead guilty to all the charges in the Indictment. Id. at 26.

Before allowing him to do so, the Court discussed Morgan's sentencing exposure and explained in detail the advisory nature of the sentencing guidelines. His attorney then discussed how the guidelines might operate in Morgan's case. Id. at 16-18, 20-22. As part of this discussion, both the Court and Morgan's attorney explicitly advised him that (1) neither could predict the sentence he would ultimately receive; (2) before sentencing the probation officer would prepare a presentence investigation report ("PSR") containing a recommended advisory guideline range; and (3) he faced a maximum sentence of 20 years of imprisonment. Id. at 18-20.

**MORGAN V. UNITED STATES**                    **1:18CR31/1:22CV43**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
[1:18CR31, DKT. NO. 150; 1:22CV43, DKT. NO. 1], DISMISSING CASE
WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

Morgan repeatedly stated that he understood all of this information

Id. at 9, 16-19, 37.

His sworn statements during the plea colloquy unequivocally confirm that Morgan understood the charges against him as well as his right to proceed to trial, and that his maximum sentencing exposure was twenty (20) years. During that colloquy, Morgan also confirmed his understanding of the Government's burden of proof, his sentencing exposure under both the guidelines and statutes of conviction, and that he was pleading guilty to the Indictment without a plea agreement.

The plea colloquy also contradicts Morgan's assertion that his attorney and the Court coerced him into pleading guilty. Morgan alleges that his attorney convinced him to plead guilty by promising he would receive a sentence of probation. But at the plea hearing he repeatedly took issue with the fact that his attorney could not guarantee what sentence he would receive. Id. at 18, 36-37, 45-46. In response, the Court and his attorney described the sentencing process three times and explained that no one could predict the sentence he eventually would receive.[3] Id.

---

[3] See e.g., id. at 18.

MORGAN V. UNITED STATES                    1:18CR31/1:22CV43

MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
[1:18CR31, DKT. NO. 150; 1:22CV43, DKT. NO. 1], DISMISSING CASE
WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

And while advising Morgan that it could not predict exactly what his sentence would be, the Court specifically warned him before he entered his guilty pleas that it was "highly, highly likely that [he would] serve a period of incarceration" and his was "not a probation case." Id. at 23. Morgan replied that he understood all this. Id.

That the Court advised Morgan his jury trial would begin as scheduled if he decided not to plead guilty did not amount to coercion. Upon sensing Morgan's hesitation to plead guilty, the Court stated: "[Y]ou have every right to go downstairs and have the case tried by the jury, by the entry of your prior not guilty plea. I repeat, no one is forcing you to do anything here. This is

---

[DEFENSE COUNSEL]: Mr. Morgan wants a guarantee as to what the actual sentence will be.

THE COURT: There --

[DEFENSE COUNSEL]: We can't do that.

THE COURT: We cannot give you a guarantee. I make the decision as to your sentencing, and I don't do it until the day I sentence you, and that is after a presentence report discussing your history and background thoroughly is prepared. And only after I hear from you and the lawyers at the sentencing will I determine what a reasonable sentence in your case is. [You attorney's] job is to make sure you know what your exposure is, what could the wors[t] sentence you get be, so that you're informed.

8

MORGAN V. UNITED STATES                    1:18CR31/1:22CV43

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION**
**[1:18CR31, DKT. NO. 150; 1:22CV43, DKT. NO. 1], DISMISSING CASE**
**WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

your decision because, after all, it is your life." Id. at 36. When Morgan still waivered, the Court stated that it would not accept his plea and trial would begin that day. Id. at 36-37. Morgan continued to insist that he did not wish to go to trial and, after further discussions with his attorney, proceeded to enter guilty pleas to Counts One, Two, Three, and Four of the Indictment, id. at 38-39.

The transcript of Morgan's plea hearing confirms that no coercion occurred.

> THE COURT: Mr. Morgan, direct question. Have I threatened you to make you plead guilty?
>
> THE DEFENDANT: No, you haven't. I don't know -- I don't know.
>
> THE COURT: Did [the Government's attorney] and [your attorney] threaten you to make you plead guilty?
>
> THE DEFENDANT: Nobody's threatened me, you know.

Id. at 41.

Based on Morgan's representations under oath, the Court found as follows:

> I find that you are capable and competent of entering an informed plea. . . .
>
> I also find that the plea you tendered to each of these four counts is freely and voluntarily made, and I want to be explicit about that. While I'm aware that you don't

9

MORGAN V. UNITED STATES                    1:18CR31/1:22CV43

MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
[1:18CR31, DKT. NO. 150; 1:22CV43, DKT. NO. 1], DISMISSING CASE
WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

like that you have to do this, that you have done this
this morning, and you also don't like that you might
have to go down and go to trial otherwise, and that those
were your only options today, I find that you do
understand those options and that you have knowingly and
voluntarily selected the option of pleading guilty,
rather than going to trial.

I find that you understand what the Government's
evidence is against you, and what the weight of that
evidence would be if you went to trial, and that you
have weighed all of that, the right to go to trial, and
all of the rights conferred by cross-examination and the
instruction to the jury that you are presumed to be
innocent, you weighed all of that against what the
Government could put on, or would put on, against you.
. . .

I weigh all of that against what I agree is a natural
reluctance to do something like this when you understand
the gravity of the sentence you could be facing. I do
find that your plea is knowing and voluntary and I -- of
course, I know you are aware of the consequences of the
guilty plea, because we've talked at length about your
desire to have a guaranteed sentence, and that I can't
give it to you, but you understand, by your comments,
that it could be quite lengthy, and particularly in light
of your age, that that is a very serious thing.

Id. at 46-48.

Thus, the record of Morgan's plea hearing confirms beyond

peradventure that his guilty pleas to Counts One, Two, Three, and

Four of the Indictment were knowing and voluntary. In the absence

of evidence that he misunderstood his rights or was coerced into

**MORGAN V. UNITED STATES**                    **1:18CR31/1:22CV43**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
[1:18CR31, DKT. NO. 150; 1:22CV43, DKT. NO. 1], DISMISSING CASE
WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

pleading guilty by his attorney or the Court, Morgan's challenge

to the validity of his guilty pleas is wholly without merit.[4]

## B.   Ineffective Assistance of Counsel

Morgan next claims that his counsel was ineffective based on

his failure to (1) advise him of the Government's burden of proof;

(2) meet with him prior to the entry of his guilty pleas; (3)

investigate the charges and present a defense; (4) review the

presentence investigation report ("PSR") with him; and (5) lodge

objections during the sentencing hearing (Dkt. No. 150-1 at 7-11).

The Court will address each of these alleged errors in turn.

---

[4] In his reply brief, Martin suggests that the Court should recuse itself
from hearing his § 2255 motion because it coerced him into pleading
guilty in the first place. A judge must disqualify herself "in any
proceeding in which [her] impartiality might reasonably be questioned."
28 U.S.C. § 455(a). The test for determining impartiality is
objective. See United States v. Cherry, 330 F.3d 658, 665 (4th Cir.
2003). Critically, "judicial rulings alone almost never constitute a
valid basis for a bias or partiality motion," Liteky v. United States,
510 U.S. 540, 555 (1994), and a judge need not recuse herself based on
"unsupported, irrational or highly tenuous speculation." Cherry, 330
F.3d at 665.

As the record establishes, the Court did not coerce Morgan into pleading
guilty or display "deep seated favoritism or antagonism that would make
fair judgment impossible." Liteky, 510 U.S. at 555. That Morgan dislikes
the Court's rulings during his plea and sentencing hearings does not
provide him with a basis to request recusal. Id.

MORGAN V. UNITED STATES                    1:18CR31/1:22CV43

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION**
**[1:18CR31, DKT. NO. 150; 1:22CV43, DKT. NO. 1], DISMISSING CASE**
**WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

To succeed on an ineffective assistance of counsel claim, the "petitioner must show, by a preponderance of the evidence, that (1) 'counsel's performance was deficient,' and (2) 'the deficient performance prejudiced the defense.'" Beyle v. United States, 269 F. Supp. 3d 716, 726 (E.D. Va. 2017) (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)). "The Petitioner must 'satisfy both prongs, and a failure of proof on either prong ends the matter.'" Beyle, 269 F. Supp. 3d at 726 (quoting U.S. v. Roane, 378 F.3d 382, 404 (4th Cir. 2004)).

To satisfy Strickland's first prong, a petitioner must show that counsel's conduct "fell below an objective standard of reasonableness . . . under prevailing professional norms." Strickland, 466 U.S. at 687–88. But "[j]udicial scrutiny of counsel's performance must be highly deferential" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong

MORGAN V. UNITED STATES                    1:18CR31/1:22CV43

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
[1:18CR31, DKT. NO. 150; 1:22CV43, DKT. NO. 1], DISMISSING CASE
WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ." Id.

To satisfy the second prong, the petitioner must show that his attorney's error was not harmless error, but prejudiced the outcome of the case. Strickland, 466 U.S. at 694. Specifically, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. When the defendant has pleaded guilty, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have [done so] and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

### 1.  Failure to Advise of the Government's Burden

As previously discussed, Morgan's contention that his attorney failed to advise him of the Government's burden to prove the charges against him beyond a reasonable doubt is baseless (Dkt. No. 150-1 at 7). But even if taken as true this claim fails under Strickland's second prong. During the plea hearing, Morgan confirmed no fewer than five times that he understood the nature of the Government's burden of proof (Dkt. No. 107 at 27-30). He

MORGAN V. UNITED STATES                      1:18CR31/1:22CV43

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
[1:18CR31, DKT. NO. 150; 1:22CV43, DKT. NO. 1], DISMISSING CASE
WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

thus was well aware of the Government's heavy burden of proof at trial before he entered his guilty pleas.

### 2.   Failure to Meet with Morgan

Morgan's claim that his attorney acted unreasonably by meeting with him only once before he pleaded guilty (Dkt. No. 151-1 at 7), is contradicted by the record. Prior to pleading guilty, Morgan resided in Colorado. That is where he was arrested on the Indictment, made his initial appearance with appointed counsel, and remained on pretrial supervision until his trial date (Dkt. Nos. 9, 10, 9-5, 9-6). Understandably, his ability to meet in person with his West Virginia counsel was limited by the fact that he resided in Colorado.

Nevertheless, during his plea hearing Morgan and his West Virginia attorney confirmed that they had been able to maintain a long-distance relationship and had "talk[ed] regularly" by telephone (Dkt. No. 107 at 54-55). Morgan's attorney described how, during these conversations, he had explained to Morgan the charges against him, had provided him with a copy of the discovery, had explained the impact of the Government's evidence against him, and had answered all his questions about the case. Id. at 43-45.

14

MORGAN V. UNITED STATES                           1:18CR31/1:22CV43

MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
[1:18CR31, DKT. NO. 150; 1:22CV43, DKT. NO. 1], DISMISSING CASE
WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

And when Morgan first appeared in West Virginia on August 24, 2018, for the final pretrial conference in this case, he and his attorney met in person for several hours prior to that hearing to discuss the case and review the Government's evidence. Id. They met again when Morgan arrived in West Virginia for the start of his trial. Id. According to Morgan, it was after this second meeting that he decided to plead guilty. Id. at 6.

Given this history, Morgan's contention that his attorney's performance fell below an objective standard of reasonableness is without merit. He does not allege that he was unable to contact his attorney while living in Colorado and has not disputed that, even from afar, West Virginia counsel regularly kept in contact with him and informed him of every development in the case. Nor does he deny that he met in person with his attorney when he traveled to West Virginia for court hearings. And, significantly, Morgan has not asserted that had he met in person with his attorney more frequently he would not have pleaded guilty. For all these reasons, therefore, his claim fails under both prongs of Strickland.

MORGAN V. UNITED STATES                          1:18CR31/1:22CV43

MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
[1:18CR31, DKT. NO. 150; 1:22CV43, DKT. NO. 1], DISMISSING CASE
WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

### 3.    Failure to Investigate and Present a Defense

Morgan's assertion that his attorney failed to investigate the Government's claims and to present any defense to the charges against him borders on frivolous. "[A] criminal defense lawyer possesses a duty to conduct a pretrial investigation that is reasonable under prevailing professional norms." United States v. Roane, 378 F.3d 382, 410 (4th Cir. 2004) (quotation omitted). But the strategic decision of counsel as to the amount of investigation necessary "must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Strickland, 466 U.S. at 691; see also Byram v. Ozmint, 339 F.3d 203, 209 (4th Cir. 2003). "An attorney need not pursue an investigation that would be fruitless. . . ." Harrington v. Richter, 562 U.S. 86, 108 (2011).

During the plea hearing, the Government summarized its considerable evidence against Morgan. It proffered that, on July 6, 2017, Morgan shipped two packages from a FedEx store in Pueblo, Colorado to a recipient in Sutton, West Virginia (Dkt. No. 107 at 31). These packages contained "more than two pounds of crystal methamphetamine, more than five pound[s] of marijuana, and two

16

MORGAN V. UNITED STATES                    1:18CR31/1:22CV43

MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
[1:18CR31, DKT. NO. 150; 1:22CV43, DKT. NO. 1], DISMISSING CASE
WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

Reese Cup-sized discs of THC wax, also more technically known as tetrahydrocannabinol." Id. Law enforcement officers intercepted the packages and arranged for their undercover delivery to their intended recipient, Rebecca Shaver ("Shaver"), Morgan's co-defendant. Id. at 32.

After this delivery, Shaver confessed to receiving controlled substances from Morgan with the intent to distribute them on behalf of herself and Morgan in West Virginia. Id. Officers then recorded a telephone call between Morgan and Shaver during which they discussed the arrival of the packages containing the controlled substances and also Shaver's role in distributing them. Id.

Later, during an unrelated investigation in Colorado, law enforcement officers interviewed Morgan. Id. at 32-33. And although he "did not specifically admit sending the packages at issue, . . . he did admit, and other historical evidence corroborated, that he, in fact, was dealing methamphetamine in West Virginia, and had also shipped such drugs by mail or other means to West Virginia as well." Id.

**MORGAN V. UNITED STATES**                    **1:18CR31/1:22CV43**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
[1:18CR31, DKT. NO. 150; 1:22CV43, DKT. NO. 1], DISMISSING CASE
WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

Morgan never meaningfully disputed the Government's proffer. Id. at 33-34.[5] His attorney confirmed that he had investigated the charges and reviewed the discovery materials provided by the Government, including "the very detailed Federal Express video which shows [Morgan] clearly delivering the packages to the agent," "the tape-recorded phone call where [Morgan] and Ms. Shaver discussed the package," telephone records of additional calls between Morgan and Shaver, and wire transfer records showing that "thousands of dollars of money left West Virginia about two weeks before the package was mailed." Id. at 44-45. After this review, he concluded "[t]here was no defense" to the charges against Morgan. Id.

Morgan's bare allegation that his attorney should have further investigated the charges against him (Dkt No. 105-1 at 7) is contradicted by his statement at the plea hearing that there was nothing additional his attorney needed to do (Dkt. No. 107 at 42-43). Nor has he suggested what evidence a further investigation would have uncovered. Given the overwhelming evidence against him

---

[5] He only denied the Government's contention that he had contacted FedEx to confirm the delivery of the packages to Shaver. Id. at 33-34.

MORGAN V. UNITED STATES                          1:18CR31/1:22CV43

MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
[1:18CR31, DKT. NO. 150; 1:22CV43, DKT. NO. 1], DISMISSING CASE
WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

and his own statements under oath, it was not unreasonable for his attorney to conclude no further investigation was warranted. Harrington, 562 U.S. at 108. This conclusion was not the result of deficient performance but the strength of the Government's evidence. And having thoroughly evaluated that evidence, counsel's decision to focus on the penalty phase of the case to save Morgan from a lengthy sentence was objectively reasonable.

At sentencing, counsel argued that Morgan's advancing age and declining health, as well as the fact that the purity of the methamphetamine Morgan had distributed was not an accurate indicator of his culpability, were mitigating factors that warranted a variance to a sentence below the guideline range (Dkt. Nos. 60; 108 at 6, 12-15). Given the substantial evidence of Morgan's guilt, this mitigation strategy was reasonable.

**4.    Failure to Review the Presentence Investigation Report**

Morgan's probation officer disclosed the PSR to the Court on October 23, 2018, and revised it twice thereafter, on December 10, 2018, and November 15, 2019 (Dkt. No. 99). Morgan's assertion that his attorney did not review the PSR with him (Dkt. No. 105-1 at 7)

MORGAN V. UNITED STATES                    1:18CR31/1:22CV43

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
[1:18CR31, DKT. NO. 150; 1:22CV43, DKT. NO. 1], DISMISSING CASE
WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

is refuted by his own testimony under oath at the sentencing hearing (Dkt. No. 108 at 4).

At the beginning of that hearing, Morgan stated that he had "somewhat" reviewed the PSR with his attorney. Id. His attorney then clarified the point, stating that he had reviewed the PSR and its revisions with Morgan on several occasions (Dkt. No. 108 at 5-6). He recounted in detail that he had mailed a draft of the PSR to Morgan in Colorado in September 2018 and had discussed it with him thereafter during "multiple phone calls." Id. at 5. Then, while Morgan was detained after violating the conditions of his pretrial release, counsel mailed him a copy of the first revised PSR. Id. at 6. Finally, on the day of sentencing he met with Morgan in person to review the second revised PSR and discuss its impact on his guideline calculation. Id. Morgan never disputed this interaction when given the opportunity to do so. Id. Thus, as the evidence is uncontradicted that Morgan and his attorney discussed the PSR and its revisions on several occasions prior to his sentencing hearing, he cannot establish that his attorney's conduct was objectively unreasonable.

MORGAN V. UNITED STATES                          1:18CR31/1:22CV43

MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
[1:18CR31, DKT. NO. 150; 1:22CV43, DKT. NO. 1], DISMISSING CASE
WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

### 5.   Failure to Object at Sentencing

Finally, Morgan alleges that, during the sentencing hearing, his attorney should have objected to the amount of drug weight/relevant conduct attributed to him in the PSR, and also to the Court's refusal to reduce his adjusted offense level to reflect his acceptance of responsibility (Dkt. No. 150-1 at 7-9).

### a. Relevant Conduct

Morgan's counsel was not ineffective for failing to object to the amount of controlled substances attributed to him in the PSR. Id. at 9. The Government bears the burden of proving by a preponderance of the evidence the quantity of drugs for which a defendant should be held accountable at sentencing. United States v. Milam, 443 F.3d 382, 386 (4th Cir. 2006). This burden can be met (1) by a defendant's acknowledgment during the plea colloquy or sentencing proceedings that the amount alleged by the Government is correct; (2) by a stipulation of the parties; or (3) by the defendant's failure to object to a recommended finding in a presentence report that a court has determined to be reliable. Id.

As previously discussed, during Morgan's plea hearing the Government proffered that Morgan had shipped two packages

MORGAN V. UNITED STATES                    1:18CR31/1:22CV43

MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
[1:18CR31, DKT. NO. 150; 1:22CV43, DKT. NO. 1], DISMISSING CASE
WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

containing "more than two pounds of crystal methamphetamine, more than five pound[s] of marijuana, and two Reese Cup-sized discs of THC wax" to Shaver for distribution in West Virginia (Dkt. No. 107 at 31). It also proffered that Morgan admitted to law enforcement officers in Colorado that he had dealt methamphetamine in West Virginia, had shipped drugs from Colorado to West Virginia by mail, and that its historical data corroborated his admissions. Id. at 32-33. Before tendering his guilty pleas, Morgan affirmed that the Government's proffer was accurate. Id. at 33-34.

In its version of the offense in the PSR, the Government further specified that the packages mailed by Morgan to Shaver contained 3.35 pounds of marijuana, 67 grams of THC "wax," and approximately 2 pounds of 100% pure methamphetamine (Dkt. No. 99 at 6). It also stated that Morgan had been present in West Virginia on several occasions in March and June 2017, had received "$16,3000 in wire transfers from individuals associated with meth distribution in Sutton and Buckhannon" in 2017, and that a FedEx employee reported she had assisted Morgan on "multiple occasions in the preceding six months." Id. at 7. Based on this historical data, as well as agent interviews with Shaver and two other

MORGAN V. UNITED STATES                          1:18CR31/1:22CV43

MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
[1:18CR31, DKT. NO. 150; 1:22CV43, DKT. NO. 1], DISMISSING CASE
WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

witnesses, the Government estimated Morgan "conservatively [had] distributed between 1.5kg and 4.5 kg of crystal methamphetamine in north central West Virginia . . . and several kilograms of marijuana, but not enough to materially impact the relevant conduct calculation." Id.

The probation officer independently confirmed the accuracy of this estimate of Morgan's relevant conduct. Id. at 8. She then converted the known quantity of methamphetamine into its marijuana equivalent to calculate Morgan's guideline base offense level.[6] Id. at 8. Neither the Government nor Morgan objected to this calculation, and following its own review of the facts the Court adopted it without change (Dkt. Nos. 56 at 4–5).

Morgan now belatedly complains that his attorney should have objected to the amount of relevant conduct calculated by the probation officer (Dkt. No. 105-1 at 9). But the Court "must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Given Morgan's admissions under oath at his plea

---

[6] To benefit Morgan and avoid double counting, the currency exchanged by wire transfers was not converted to its marijuana equivalent or included in the relevant conduct calculation. Id. at 8.

MORGAN V. UNITED STATES                    1:18CR31/1:22CV43

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
[1:18CR31, DKT. NO. 150; 1:22CV43, DKT. NO. 1], DISMISSING CASE
WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

hearing, the weight of the Government's evidence, and his attorney's knowledge of the investigative materials disclosed in the Government's case file and the PSR, the Court cannot say Morgan's attorney's failure to object to the probation officer's relevant conduct calculation was unreasonable.

Morgan also has not established that he was prejudiced by his attorney's conduct. "When the amount of drugs for which a defendant is to be held responsible is disputed, the district court must make an independent resolution of the factual issue at sentencing." United States v. Gilliam, 987 F.2d 1009, 1013 (citing U.S.S.G. § 6A1.3(b)). Here, more than sufficient evidence existed from which the Court was able to determine that the probation officer's calculation of his relevant conduct was accurate. Morgan's argument therefore fails under both prongs of Strickland.

**b. Acceptance of Responsibility**

Morgan's contention that his attorney should have objected to the Court's decision not to reduce his offense level by two levels to account for his acceptance of responsibility is without merit (Dkt. No. 105-1 at 9). Sentencing guideline § 3E1.1(a) provides that "[i]f the defendant clearly demonstrates acceptance of

MORGAN V. UNITED STATES                    1:18CR31/1:22CV43

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
[1:18CR31, DKT. NO. 150; 1:22CV43, DKT. NO. 1], DISMISSING CASE
WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

responsibility for his offense, decrease the offense level
by 2 levels." The Court "is in a unique position to evaluate a
defendant's acceptance of responsibility," and its decision
whether to grant such a reduction for acceptance of responsibility
is a factual determination "entitled to great deference on review."
U.S.S.G. § 3E1.1, comment. (n.5).

Morgan claims he should have received a two-level reduction
because he pleaded guilty to the Indictment. Id. But "[a] defendant
who enters a guilty plea is not entitled to an adjustment under [§
3E1.1(a)] as a matter of right." U.S.S.G. § 3E1.1, comment. (n.3).
And while a defendant's guilty plea and truthful admission of his
offense conduct is "significant evidence of acceptance of
responsibility," it can be outweighed by inconsistent conduct. Id.
That is the case here. Although Morgan was technically eligible
for a downward adjustment under § 3E1.1(a), after considering his
egregious behavior following his plea hearing, the Court exercised
its discretion and refused to reduce his offense level.

After he pleaded guilty, the Court released Morgan pending
his sentencing scheduled for December 20, 2018 (Dkt. No. 57). On
the morning of December 20, 2018, however, Morgan moved to continue

MORGAN V. UNITED STATES                                1:18CR31/1:22CV43

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
[1:18CR31, DKT. NO. 150; 1:22CV43, DKT. NO. 1], DISMISSING CASE
WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

his sentencing, claiming he was unable to travel to West Virginia because he was ill with pneumonia and chronic obstructive pulmonary disease ("COPD") (Dkt. No. 65). But after it obtained medical records regarding Morgan's condition, the Court found no good cause to continue the sentencing, denied the motion, and issued a bench warrant for Morgan's arrest (Dkt. Nos. 68, 69, 70).

Morgan was arrested on the warrant and taken into custody in the District of Colorado on December 27, 2018 (Dkt. No. 70). While in custody, he was hospitalized and health care providers determined that his prostate cancer had metastasized (D. Colo. Case No. 1:18MJ1233, Dkt. No. 8). Based on medical records obtained by Morgan's Colorado counsel, the magistrate judge there concluded that Morgan was unable to travel because of pneumonia and complications from his COPD (Dkt. No. 65).

This Court then ordered Morgan's West Virginia counsel to provide a written update on his client's medical status by February 1, 2019 (Dkt. Nos. 71, 73). After receiving that update, it rescheduled Morgan's sentencing hearing for March 4, 2019 (Dkt. No. 74). Morgan then sought to have the Marshals provide him with transportation and per diem money for his travel from Colorado

MORGAN V. UNITED STATES                         1:18CR31/1:22CV43

MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
[1:18CR31, DKT. NO. 150; 1:22CV43, DKT. NO. 1], DISMISSING CASE
WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

into this District for sentencing (Dkt. No. 75). Although the Court
granted this request, Morgan failed to appear (Dkt. Nos. 76-79).
The Court issued a second bench warrant on March 4, 2019, and the
Marshals arrested Morgan in Colorado on July 23, 2019 (Dkt. No.
80), following a traffic stop by local law enforcement officers
observed Morgan driving a white Corvette with a damaged license
plate taken from a Nissan Pathfinder (Dkt. No. 99 at 13).

When Morgan was arrested, he possessed a large quantity of
methamphetamine, approximately 17.9 grams, and two Oxycodone
tablets, all of which were hidden in his oxygen tank carrying case.
Id. Despite this, government counsel inexplicably failed to move
to detain Morgan (Dkt. Nos. 81, 82-3, 82-4, 82-5). The magistrate
judge then released him on a personal recognizance bond and
directed him to appear in this District for sentencing on August
13, 2019. Id.

After Morgan failed to appear for sentencing August 13, 2019,
the Court issued a third bench warrant ordering that he be detained
upon arrest (Dkt. Nos. 83, 84). Eventually, Morgan was arrested in
Colorado on October 23, 2019, and detained pending transport to
West Virginia for sentencing (Dkt. No. 85). He then filed a motion

27

MORGAN V. UNITED STATES                    1:18CR31/1:22CV43

MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
[1:18CR31, DKT. NO. 150; 1:22CV43, DKT. NO. 1], DISMISSING CASE
WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

for a medical examination in advance of sentencing, which the Court denied based on his failure to provide any factual support for the motion (Dkt. Nos. 87, 89).

The Marshals transported Morgan to this District on November 13, 2019 (Dkt. Nos. 91, 94). Upon arrival, he again moved for a medical examination in advance of sentencing, which the Court denied for lack of good cause (Dkt. Nos. 93, 96, 97). Finally, on December 3, 2019, more than a year after he had pleaded guilty to the Indictment, the Court sentenced Morgan to a total punishment of 210 months of imprisonment (Dkt. No. 100).

Given Morgan's history of failing to appear and involvement in new criminal conduct, the probation officer concluded he should not receive a two-level reduction for acceptance of responsibility. She found that Morgan had purposefully evaded the Marshals, had failed to appear for sentencing on three separate occasions, and had been arrested driving a car with an invalid license plate while in possession of a large amount of methamphetamine. The Court adopted the revised recommendation and declined to grant Morgan a reduction of for acceptance of responsibility.

28

MORGAN V. UNITED STATES                    1:18CR31/1:22CV43

MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
[1:18CR31, DKT. NO. 150; 1:22CV43, DKT. NO. 1], DISMISSING CASE
WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

Given Morgan's conduct, counsel's decision not to object to the Court's denial was not unreasonable. See United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument [] cannot form the basis of a successful ineffective assistance of counsel claim[.]"). And even had his attorney objected, Morgan cannot show that the Court would not have reached the same result. His argument thus fails to satisfy either of prong of Strickland.

**C.  Constructive Denial of Sixth Amendment Right to Counsel**

Morgan next asserts that his attorney's performance was so deficient that it constructively denied him his right to counsel (Dkt. No. 150-1 at 11-12). The Sixth Amendment guarantees a criminal defendant the assistance of counsel for his defense. U.S. Const. amend. VI. While the Court generally applies the Strickland test to claims of ineffective assistance of counsel, there are certain situations in which the reliability of a proceeding becomes so questionable that the Court may presume that the defendant was prejudiced by his attorney's performance. See United States v. Ragin, 820 F.3d 609, 612 (4th Cir. 2016). For instance, prejudice may be presumed where an attorney "fails to subject the

29

MORGAN V. UNITED STATES                    1:18CR31/1:22CV43

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
[1:18CR31, DKT. NO. 150; 1:22CV43, DKT. NO. 1], DISMISSING CASE
WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

prosecution's case to meaningful adversarial testing," thus making "the adversary process itself presumptively unreliable." Id. (citing United States v. Cronic, 466 U.S. 648, 659 (1984)). "This is an extremely high showing for a criminal defendant to make." Brown v. French, 147 F.3d 307, 313 (4th Cir. 1998).

Here, Morgan argues that he is entitled to the presumption of prejudice because his attorney "was a government agent giving no meaningful assistance at all whose total loyalties are with the Government not his client" (Dkt. No. 150-1 at 11-12). He does not point to any evidence in support of this bald claim, stating only that "the record will support such statement." Id. It does not.

Despite Morgan's contentions otherwise his attorney provided highly effective representation at each critical stage of the case. Counsel reviewed the Government's evidence, explored Morgan's defenses, prepared for trial, and advised him regarding his available options and potential exposure if convicted. Furthermore, at sentencing, counsel presented substantial mitigating evidence and advocated vigorously for a variant sentence. At no point did his performance fall below an objective standard of reasonableness. Nor by any reasoned analysis was it so

30

MORGAN V. UNITED STATES                    1:18CR31/1:22CV43

MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
[1:18CR31, DKT. NO. 150; 1:22CV43, DKT. NO. 1], DISMISSING CASE
WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

deficient as to make the adversarial process presumptively unreliable. Therefore, the Court finds that Morgan's claim he was constructively denied the assistance of counsel is without merit.

## IV.   CONCLUSION

For the reasons discussed, the Court **DENIES** Morgan's § 2255 petition (1:18CR31, Dkt. No. 150; 1:22CV43, Dkt. No. 1) and **DISMISSES WITH PREJUDICE** Civil Action Number 1:22CV43.

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to enter a separate judgment order in favor of the United States, to transmit a copy of this order to Morgan by certified mail, return receipt requested, to counsel of record by electronic means, and to strike this case from the Court's active docket.

## V.   NO CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate

**MORGAN V. UNITED STATES**                                    **1:18CR31/1:22CV43**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
[1:18CR31, DKT. NO. 150; 1:22CV43, DKT. NO. 1], DISMISSING CASE
WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. § 2255(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because Morgan has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, the Court concludes that Morgan has failed to make the requisite showing and, therefore, **DENIES** issuing a certificate of appealability.

Dated: August 26, 2022

                              /s/ Irene M. Keeley
                              IRENE M. KEELEY
                              UNITED STATES DISTRICT JUDGE