IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

   **v.**                                         **CRIMINAL NO. 1:18-CR-31-1**
                                                                          **(KLEEH)**

**JOHNNY L. MORGAN,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR COMPASSIONATE RELEASE [ECF NO. 174]**

Pending before the Court is a motion for compassionate release. For the reasons discussed herein, the Court **DENIES** the motion.

### I.   BACKGROUND AND PROCEDURAL HISTORY

On May 1, 2018, the grand jury returned a seven-count indictment charging Defendant Johnny L. Morgan ("Morgan") with the following:

- (Count One) Conspiracy to Possess with Intent to Distribute and Distribute Marijuana, Tetrahydrocannabinol, and Methamphetamine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(C), and 841(b)(1)(D);

- (Count Two) Distribution of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C);

- (Count Three) Distribution of Tetrahydrocannabinol, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and

- (Count Four) Distribution of Marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D).

Morgan ultimately pleaded guilty, without a plea agreement, to all four counts. On December 3, 2019, the Court sentenced Morgan to 210 months' incarceration as to Counts One, Two, and Three and 60 months' incarceration as to Count Four, with the periods to run concurrently for a total of 210 months' incarceration, with credit for time served.

During the sentencing hearing, Morgan's counsel urged the Court to impose a downward variant sentence because (1) the high purity level of the distributed methamphetamine overstated his culpability and (2) the defendant suffered from poor health and was relatively old. See Sentencing Transcript, ECF No. 108, at 12:2-15:10; see also Sentencing Memo, ECF No. 60. The Court considered but rejected these arguments. Although the Court noted the reasonableness of Morgan's drug purity argument, it found that the defendant's role in the methamphetamine distribution conspiracy militated against a variance based on drug purity. See Sentencing Transcript, ECF No. 108, at 17:22–20:4 (noting that Morgan's role was that of a "prominent player in a criminal enterprise"). Regarding Morgan's health and age, the Court found that he was not infirm, given his recent arrest while driving himself in a sports car, along with his ability to live alone.

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR COMPASSIONATE RELEASE [ECF NO. 174]**

Id. at 20:5-22:1. The Court acknowledged Morgan's COPD but decided against a downward variance or departure, noting that Morgan would receive adequate or better medical care by the Bureau of Prisons ("BOP"). Id. The Court concluded that the advisory guideline range was reasonable, particularly in light of the "large quantities of drugs" involved and the "great harm" to the community. Id. at 22:2-19. The United States Court of Appeals for the Fourth Circuit affirmed the judgment. United States v. Morgan, 848 F. Appx. 128 (4th Cir. May 19, 2021) (unpublished).

While his appeal was pending, Morgan also filed an "emergency motion" for compassionate release under 18 U.S.C. § 3582. See ECF No. 112. His compassionate release claim focused on his substantial risk of death if exposed to COVID-19 due to his pre-existing medical conditions. In a memorandum opinion and order entered on August 11, 2021, the Court denied the motion, providing a detailed explanation for why Morgan's health conditions did not constitute an extraordinary and compelling reason to reduce his sentence. See ECF No. 139. The Court further found that such a reduction would be inconsistent with the factors set forth at 18 U.S.C. § 3553(a). Id.

Morgan is incarcerated at FMC Fort Worth with a projected release date of August 21, 2033. On December 12, 2023, he filed a pro se motion to reduce his sentence under 18 U.S.C. § 3582 and

the First Step Act, which has been fully briefed and remains pending.

## II. DISCUSSION

The district court is authorized to reduce a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Upon receiving a motion for compassionate release, the district court

> may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Id. § 3582(c)(1). Prior to the First Step Act of 2018 (the "First Step Act"), "district courts could only reduce a term of imprisonment under § 3582(c)(1)(A) 'upon motion of the Director of the Bureau of Prisons.'" United States v. Kibble, 992 F.3d 326, 329-30 (4th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A) (2002)). In the First Step Act, Congress allowed federal inmates to file motions for compassionate release directly with the district court after they have exhausted their administrative remedies.[1] See Pub.

---

[1] A defendant filing a motion for compassionate release must have "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," or there must be a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). The exhaustion requirement

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR COMPASSIONATE RELEASE [ECF NO. 174]**

L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018). Morgan filed a pro se motion. The BOP has not filed a motion on his behalf. For the reasons discussed herein, the Court finds that extraordinary and compelling circumstances do not exist, and even if they did, the section 3553(a) factors weigh against his release.

### A. Extraordinary and Compelling Circumstances

In Morgan's motion, he argues that he is entitled to compassionate release because he received an excessive sentence, the methamphetamine guidelines are flawed, and he is experiencing deteriorating health in combination with insufficient medical care and COVID-19.[2] He states that he has exhausted his administrative remedies and that he plans to reside with his brother, Paul Morgan, in Laveto, Colorado.

In 2023, the United States Sentencing Commission amended its policy statement regarding extraordinary and compelling circumstances, applying it to defendant-filed motions and expanding the list of circumstances sufficient to support a motion for sentence reduction. See U.S.S.G. § 1B1.13. The amendments,

---

is non-jurisdictional "and thus waived if it is not timely raised." United States v. Muhammad, 16 F.4th 126, 129-30 (4th Cir. 2021) (citation omitted) (finding the district court in error by sua sponte dismissing a motion for compassionate release based on the threshold requirement). The Government has not raised the issue of exhaustion, so the Court will not address it.

[2] Morgan also argues that he is entitled to a sentence reduction under the 2023 amendments to the United States Sentencing Guidelines, but the Court previously denied this portion of the motion. See ECF No. 175.

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR COMPASSIONATE RELEASE [ECF NO. 174]**

which became effective on November 1, 2023, supersede much of the case law that developed over the last several years while there was no policy statement applicable to defendant-filed motions, but the United States Sentencing Commission considered that case law. The United States Sentencing Guidelines provide that extraordinary and compelling reasons exist under certain circumstances or a combination thereof. The circumstances include certain medical circumstances of the defendant, the age of the defendant, family circumstances of the defendant, the fact that the defendant is a victim of abuse, or the fact that the defendant received an unusually long sentence.

### 1. Proportionality, Length, Cruel and Unusual Punishment

Morgan first argues that there is a massive disparity between the sentence he received and the sentences others have received for more serious crimes. He describes himself as an "elderly offender with chronic medical conditions" and argues that his sentence exceeds cruel and unusual punishment. In response, the Government asserts that this argument is effectively waived because it could have been raised on appeal, if not in his petition under 28 U.S.C. § 2255.

Under the United States Sentencing Guidelines, a reduction for an "unusually long sentence" requires that a defendant has

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR COMPASSIONATE RELEASE [ECF NO. 174]**

served at least 10 years of the term of imprisonment. U.S.S.G. § 1B1.13(b)(6). Morgan has not done so. The Court agrees with the Government that the length of Morgan's sentence does not otherwise constitute an extraordinary and compelling circumstance. See United States v. Ferguson, No. 3:04-cr-13-01, 2021 WL 1701918, at *4 (E.D. Va. Apr. 29, 2021) ("The compassionate release statute allows the court to consider extraordinary and compelling reasons warranting compassionate release, but it does not replace the established mechanism for challenging the validity of a sentence. Nor does it allow the defendant to make arguments that were, or could have been, raised in direct appeal or collateral review."); see also United States v. Escajeda, 58 F.4th 184, 187 (5th Cir. 2023) ("[A] prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence; such arguments can, and hence must, be raised under Chapter 153 [of Title 28, addressing habeas corpus]."). Moreover, the Fourth Circuit "has held that proportionality review is not available for any sentence less than life imprisonment without the possibility of parole." United States v. Ming Hong, 242 F.3d 528, 532 (4th Cir. 2001) (citation omitted). Therefore, the Court finds that Morgan's disproportionality argument is not an extraordinary or compelling circumstance warranting a sentence reduction.

### 2. Methamphetamine Disparities

Next, Morgan argues that the disparity between "actual" methamphetamine and methamphetamine "mixture" under the United States Sentencing Guidelines warrants a sentence reduction. He also cites the disparity under the Guidelines between methamphetamine and heroin. In response, the Government points out that Morgan raised and lost this argument during his sentencing hearing. As the Seventh Circuit recently observed,

> [T]he sort of "extraordinary and compelling" circumstance that § 3582(c)(1) addresses is some new fact about an inmate's health or family status, or an equivalent post-conviction development, not a purely legal contention for which statutes specify other avenues of relief — avenues with distinct requirements, such as the time limits in § 2255(f) or the need for a declaration by the Sentencing Commission that a revision to a Guideline applies retroactively.

United States v. Von Vader, 58 F.4th 369, 371 (7th Cir. 2023). As discussed above, this argument was addressed and rejected by the Court at Morgan's sentencing, and the Court finds that the alleged disparities do not constitute an extraordinary or compelling circumstance warranting early release.

### 3. Age and Physical Health

Finally, Morgan cites his deteriorating physical conditions due to aging, his personal health risk factors, ongoing infectious disease (COVID-19), and medical conditions that require long term

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR COMPASSIONATE RELEASE [ECF NO. 174]**

medical care that is not being adequately provided by the prison. Specifically, Morgan states that his serious medical vulnerabilities include prostate cancer, chronic obstructive pulmonary disease, acute lower respiratory infection, anemia, chest pains, chronic rhinitis, and endoscopic procedure with intensive broncholiter. He states that he is also oxygen dependent and immunocompromised. He is 71 years old. He cites the BOP's "proven inability to protect medically vulnerable inmates from COVID" and attaches his medical records. He argues that these circumstances constitute extraordinary and compelling reasons for release when considered either alone or together.

In response to this final argument, the Government points out that it was also raised and rejected at the time of sentencing. Morgan fails to offer any new or significant evidence relating to his physical condition. His medical records simply reflect the well-established fact that Morgan has a variety of physical ailments. And, contrary to Morgan's assertion, the same records indicate that BOP medical staff are monitoring and treating those ailments, include his prior COVID-19 infection.

With respect to Morgan's age, the United States Sentencing Guidelines require that a defendant has served at least 10 years or 75% of his sentence, whichever is less. See U.S.S.G. § 1B1.13(b)(2). Morgan has not. The Court agrees with the

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR COMPASSIONATE RELEASE [ECF NO. 174]**

Government that the sentencing court considered Morgan's age and his physical ailments at the time of sentencing. Thus, the Court will not entertain this repackaged claim for a sentencing reduction. See United States v. Henderson, 858 F. App'x 466, 469 (3d Cir. 2021) ("A previously rejected claim of sentencing error could never qualify as an 'extraordinary and compelling reason' for compassionate release.").

For all of these reasons, the Court agrees with the Government that Morgan has not set forth extraordinary and compelling reasons for release.

### B.   Sentencing Factors Under 18 U.S.C. § 3553(a)

Even if extraordinary and compelling circumstances existed, the 18 U.S.C. § 3553(a) sentencing factors weigh against Morgan's release. Under 18 U.S.C. § 3553(a), the Court must impose a sentence "sufficient, but not greater than necessary" to satisfy the purposes of sentencing. The relevant considerations include the nature and circumstances of the offense, along with the defendant's history and characteristics. The Court also considers whether the sentence reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, deters criminal conduct, protects the public from future crimes of the defendant, and provides the defendant with needed educational or vocational training, medical care, or other

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR COMPASSIONATE RELEASE [ECF NO. 174]**

correctional treatment in the most effective manner. The Court further considers the kinds of sentences available, the applicable sentencing guideline range, any pertinent policy statements issued by the Sentencing Commission, the need to avoid unwarranted sentence disparities, and the need to provide restitution to victims.

Morgan argues that the section 3553(a) factors weigh in his favor because he has a support system that will aid and ensure a low likelihood of recidivism. His support system will also aid him with educational or vocational training, medical care, and job security. He also offers, attached to his motion as Exhibit D, evidence of his post-rehabilitative efforts to show that he has changed and become a better person. Finaly, he offers evidence (attached to his motion as Exhibit E) that the BOP has labeled him as "low" recidivism.

After reviewing the sentencing factors under 18 U.S.C. § 3553(a), the Court finds that they do not support a reduction of Morgan's sentence to time served. As discussed above, Morgan pleaded guilty to four felony offenses in this case: Conspiracy to Possess with Intent to Distribute and Distribute Marijuana, Tetrahydrocannabinol, and Methamphetamine; Distribution of Methamphetamine; Distribution of Tetrahydrocannabinol; and Distribution of Marijuana. The offense conduct involved law

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR COMPASSIONATE RELEASE [ECF NO. 174]**

enforcement's interception of two packages sent by Morgan in Pueblo, Colorado, to an individual in Sutton, West Virginia. Presentence Investigation Report ("PSR"), ECF No. 99, at ¶ 29. The following substances were contained in the packages: 3.35 pounds of marijuana, 67 grams of tetrahydrocannabinol, and over 2 pounds of methamphetamine. Id. Morgan received wire transfers totaling $26,300.00. Id. ¶ 30. The methamphetamine was 100% pure. Id. ¶ 22. Morgan "conservatively distributed between 1.5 kg and 4.5 kg of crystal methamphetamine in north central West Virginia, either by personal delivery or FedEx shipment." Id. ¶ 25. He also distributed "several kilograms of marijuana, but not enough to materially impact the relevant conduct calculation." Id.

The Court commends Morgan's efforts at education and rehabilitation, which are set forth at Exhibit D to his motion. The exhibit lists his current education information and education courses. The Court also recognizes his health issues, age, and other arguments raised in support of his motion. These efforts and issues, however, do not outweigh the serious offense conduct in this case. As was noted by the Court at the time of sentencing, Morgan was responsible for the distribution of an enormous quantity of drugs into West Virginia, which caused significant harm to the community. The Court has considered all of the section 3553(a) factors discussed above. Even if all other factors weigh in favor

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR COMPASSIONATE RELEASE [ECF NO. 174]**

of release, they are outweighed by the need for the sentence to reflect the seriousness of the offense conduct, promote respect for the law, provide just punishment for the offense, and deter criminal conduct. After considering all of these things, the Court is satisfied that early release would not satisfy the purposes of sentencing, given the enormous and harmful offense conduct in this case.

### III. CONCLUSION

For the reasons discussed above, Morgan has not established that extraordinary and compelling circumstances warrant his early release. Even if they did, the sentencing factors under 18 U.S.C. § 3553(a) weigh against Morgan's release. For the reasons discussed above, Morgan's pro se motion for compassionate release is **DENIED** [ECF No. 174].

It is so **ORDERED.**

The Clerk is **DIRECTED** to transmit copies of this Memorandum Opinion and Order to counsel of record via email and to Morgan via certified mail, return receipt requested.

DATED: May 13, 2025

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA